IN THE MATTER OF THE REINSTATEMENT OF WATSON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF WATSON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN THE MATTER OF THE REINSTATEMENT OF WATSON
2020 OK 14
Case Number: SCBD-6695
Decided: 03/02/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 14, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

In The Matter of the Reinstatement of John W. Watson to Membership in the Oklahoma Bar Association, and to the Roll of Attorneys

JOHN W. WATSON, Petitioner,
v.
OKLAHOMA BAR ASSOCIATION, Respondent.

ORDER

¶1 On 26, 2019, the Petitioner John W. Watson filed a Petition for Reinstatement. He seeks reinstatement after his name was stricken from the Roll of Attorney in March of 2004, after his resignation pending disciplinary charges.

¶2 In requesting reinstatement, the lawyer must establish by clear and convincing evidence that: 1) the condition is no longer a threat rendering the applicant personally incapable of practicing law; and 2) the applicant's conduct will conform to the high standards required of a member of the Oklahoma Bar. Further, the applicant must present stronger proof of qualifications than one seeking admission for the first time.[1] Much like a Rule 10 proceeding, one of our objectives when considering reinstatement is to minimize any potential risk of harm to the public. In that vein, the focus is not exclusively on the past; rather the focus is on the practitioner's present condition and its future consequences.[2] A practitioner's incapacity, whether past or present, is important in crafting solutions which accord with the law's imperative of ensuring protection of the public from substandard lawyers.[3]

¶3 The attorney's conduct adversely affected the legal matters of clients, tarnished the image of the legal profession, and fostered and promoted a destructive lifestyle. He has, apparently remained sober for nearly sixteen years. However, given the severity of his afflictions, the particularly short time he practiced law before his name was stricken from the Roll of Attorneys, and his relatively little legal experience, we are not convinced that the attorney has met the burden placed upon him by the Rules Governing Disciplinary Proceedings and the precedents set by this Court in regard to those rules.

¶4 The Bar Association questions his moral fitness, and legal competency and recommends that the Petitioner take the Bar Examination. The Professional Responsibility Tribunal (PRT) found good moral character, but was also concerned with his legal competency, and recommended that he gain more legal experience as a law clerk or paralegal, or retake the Bar Examination.

¶5 We agree that the petitioner has not proven by clear and convincing evidence that he meets all of the requirements for Reinstatement pursuant to Rule 11, of the Rules Governing Disciplinary Proceedings, 5 O.S. 2011 Ch. 1, App. 1-A, and that he should pay the costs of this proceeding in the amount of $410.97.

¶6 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that John W. Watson's petition for reinstatement be denied.

¶7 DONE BY ORDER OF THE SUPREME COURT THIS 2nd DAY OF MARCH, 2020.

/S/CHIEF JUSTICE

GURICH, C.J., DARBY, V.C.J., KAUGER, WINCHESTER, EDMONDSON, KANE, ROWE, JJ., concur.

COMBS, J., concurs in result.

COLBERT, J., dissents.

FOOTNOTES

[1] Rule 11.4 Rules Governing Disciplinary Proceedings, 5 O.S. 2011 Ch. 1, App. 1-A, provides:

An application for reinstatement must establish affirmatively that, if readmitted or if the suspension from practice is removed, the applicant's conduct will conform to the high standards required of a member of the Bar. The severity of the original offense and the circumstances surrounding it shall be considered in evaluating an application for reinstatement. The burden of proof, by clear and convincing evidence, in all such reinstatement proceedings shall be on the applicant. An applicant seeking such reinstatement will be required to present stronger proof of qualifications than one seeking admission for the first time. The proof presented must be sufficient to overcome the Supreme Court's former judgment adverse to the applicant. Feelings of sympathy toward the applicant must be disregarded. If applicable, restitution, or the lack thereof, by the applicant to an injured party will be taken into consideration by the Trial Panel on an application for reinstatement. Further, if applicable, the Trial Panel shall satisfy itself that the applicant complied with Rule 9.1 of these Rules.

[2] State ex rel. Oklahoma Bar Ass'n v. Adams, 1995 OK 17, ¶13, 895 P.2d 701.

[3] State ex rel. Oklahoma Bar Ass'n v. Carpenter, 1993 OK 86, ¶11, 863 P.2d 1123.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA